**E-FILED**
Friday, 07 March, 2008  04:34:09 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 99-30055 |
| | ) | |
| GABRIEL B. FOLKS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT,  U.S. District Judge:

This matter comes before the Court on the Federal Defender's Office's Motion to Withdraw as Counsel (d/e 70).  Defendant Folks filed a Motion to Reduce Sentence based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing (d/e 69).  The Court appointed the Federal Defender's Office to represent Defendant in this matter.  <u>Text Order entered February 19, 2008</u>.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment n.1(A).

The Defendant was sentenced by this Court on March 17, 2000, to a sentence of 360 months.  The Court adopted the findings of the Presentence Investigation Report (d/e 28) (PSR) with respect to the determination of Folks' Guideline range.  Judgment Order entered March 17, 2000 (d/e 43), at 7. Folks' Guideline range was determined based on the fact that he was a career offender.  PSR, ¶ 26; U.S.S.G. § 4B1.1.  As such, the Federal Defender concluded that the retroactive Amendment would not apply to Folks, and thus, asks for permission to withdraw as counsel. Motion to Withdraw as Counsel (d/e 70), ¶ 3.

THEREFORE, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 70) is GRANTED. Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than April 11, 2008, a pleading that either (a) concedes that the Amendment does not apply because he was found to be a career offender, or (b) explains why the Amendment applies in spite of the fact that he was found to be a career offender.

IT IS THEREFORE SO ORDERED.

ENTER: _____ March 7 _____, 2008.

FOR THE COURT:

_____ s/Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATE DISTRICT JUDGE