E-FILED
Monday, 02 June, 2008 11:18:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES District Court

FOR THE CENTRAL District OF ILLINOIS

SPRINGFIELD Division

GABRIEL B. FOLKS
    Defendant

-V-

CASE NO: 99-CR-30055

UNITED STATES OF AMERICA
    Plaintiff

UNITED STATES DISTRICT COURT
Honorable Judge
    JEANNE E. SCOTT

RESPONSE MOTION
To THIS Honorable Court Opinion

COMES NOW, DEFENDANT GABRIEL B. FOLKS, acting Pro-SE Moves this Honorable COURT with respect In accord with Responding to this Honorable COURT OPinion. The DEFendant FOLKS, respectfully chooses option (B) of the COURT OPinion and Olso ASK this COURT TO LOOK At this defendant CASE And the Purpose of the Amendment, and its EQUITABLE Power.

A. Defendant Eligibilty For SENTENCE Reduction
    Title 18. U.S.C. §3582 (c)(2)... U.S.S.G. 2D1.1.

On or About Nov 9, 1999 Following a jury trial, this defendant WAS Convicted OF a one count Indictment, Charging violations of 21 U.S.C. 841(a)(1) and 841(B)(1)(A).
    [ FootNote: No drug Amount in Indictment ]

①

On March 17, 2000  this Honorable court adopted the Findings of this defendant P.S.R., and sentenced the defendant to 360 months (30yrs) and 8 yrs supervised release.

Defendant brings to this Honorable court attention that the Sentencing Commission Findings in U.S.S.G. 2D1.1 amendment is guided to Effect those Sentence Pursuant to ("Any CRACK violation"). There Fore on Nov. 1, 2007 this Section has been reduced by two levels, which would warrant a reduction in this defendant's base offense level.

<u>Arguement #1</u>

Defendant argues that on <u>March 17, 2000.</u> He was Sentenced To a base offense level of <u>30.</u> as a result of being held accountable For 43.8 grams of Crack cocaine.[ Footnote: This was before they applied the enhancement.] SEE P.S.I Paragraph #18.] Subsequantly on Nov. 1, 2007., The Sentencing Commission amended U.S.S.G. 2D1.1 by lowering the drug table For crack cocaine cases by two Points. Which would reduce this defendant's base offense level to an base offense level of <u>28.</u> At the time this court imposed sentence on March 17, 2000, the guideline For a crack cocaine offense involving 35G to 50gram carried a base offense level <u>30.</u> SEE, U.S.S.G § 2D1.1, United States Sentencing Guidelines Manual (1987-2007). The Sentencing Commission amended this base offense level under USSG § 2D1.1, such that an crack cocaine offense involving 35g to 50grams Now carries a base offense level of 28. SEE Guidline Amendment 706 (Nov. 1, 2007). The defendant contends that this court should modify the guideline range to reflect the amended guideline. U.S.S.G 1B1.10(b)(2)(A)(i) (2008 amendment). Also As the guidelines are only advisory pursuant

②

To the recent Supreme Court decisions, In CrALL, Booker, and Kimbrough, Where As when this defendant was sentenced the guidelines were Mandatory and this Honorable Court was binded by the law to impose the defendant 30yes Sentence, which now this Honorable Judge has the Equitable power, discretion and authority under 18 U.S.C. §3582(c)(2). to improve the interest of Justice. However, the most significate aspects of the CrACK Amendment applies to the defendant case. The Question of whether the Final guideline range changes, to whether the offense level would change so that the district court needs to recalculate the new guidelines.

THerefore the defendant Folks prays that this Honorable Court grant the Forementioin Amendment of U.S.G. 2D1.1 OF the two point reduction to the instant case.

B. Why the Amendment applies in spite of
   the defendant being A career offender.

In order For the defendant to answer this Honorable Court opinion, He must thrust himself Upon the mercy of the Court. and Place a Question on this court while attempting to justify His arguement. First, the defendant will show that His career offender guidelines is incorrectly applied. Also the defendant will present Facts and Ehibits to render this Honorable Court Authority in granting Defendant Folks relief.

# Arguement #2

The defendant argues that the trial court erred in adopting the findings in the His P.S.R. that resulted in incorrect application of the career offender guideline. Which this court found the defendant's offense level to be 37 and a criminal history category VI. Pursuant to U.S.S.G. 4B1.1(b), after the calculation of U.S.S.G § 2D1.1. Which resulted in the District Court finding the sentence appliable to 360 months, with an additional 8 years Supervised Release. Is incorrect pursuant to this Honorable Judge decision in denieing the defendant §2255 motion. [SEE Pg 7,11,12 of Motion] Quoting: "Folks Faced a maximum sentence of 30 yrs regardless of the quantity of drugs because of His Prior Felony drug Conviction (21. U.S.C. 841(B)(1)(C)). Also in The prosecutor motion to the Appeals Courts. of vacating the defendants C.O.A [SEE pgs. 3, 4, 8 of Motion] Quoting: From (App 1. App 2 at 15)' Therefore, Pursuant to 21 U.S.C. 841(B)(1)(C), the district court was STATutorily authorized to impose the petitioner's 30 yr sentence regardless of drug amount." (Quoting From App 4 at 1-2) ] "The district court's Authority To impose a 30 yr sentence was derived from the Statutory sentencing range set forth in 21. U.S.C § 841(B)(1)(C), which provides for up to a 30 yr sentence for any violation of 841(A)(1) involving cocaine or cocaine base. If the defendant has a prior Felony drug Conviction.." However In reference To U.S.S.G. 4B1.1(b) guideline manual) [SEE pg 369, 370.) t has a column stating: "Offense STATutory Maximum" and a column in which m where To STArt The "Offense level" under a career offender. Therefore, this court adopting the defendant's P.S.R. which stated in Paragraph (72) "STATutory Provision 10 yrs to life under 841(B)(1)B. when under the

④

Career offender guideline, the base offense level was 37. In regards to the maximum being Life. The defendant recieve a "360 month sentence, For this incorrect application of the career offender gudelines(SEE 4B1.1(b)). For the foremention, the defendant seeks this "Honorable courts following the language in United STATES -v- Gall 128 s.ct. At 596." [A] district court should begin all sentencing proceedings by correctly calculating the applicable guideline range.. the guidelines should be the starting point and the initial Benchmark". However, the defendant seeks justice in U.S. v Booker, 543 U.S. 220, 76 CRL 257 (2005), and its progeny, the supreme court has made it clear that [T] He correct guideline calculation, constitutes the natural starting point From when the sentencing court exercise its disgrevtion under 18. U.S.C. §3553(A). A correct calculation, there Fore is crucial To the sentencing process and result.(Citing U.S. V Lang Ford 3rd cir. No. 06-2774 2/22/08) An erronoes calculation of the guideline will Frustrate the court's ability to give meaningful consideration to "the kind of sentence and sentencing range establish for." Applicable category of offense committed by the applicable category of defendant set forth in the guidelines. (Quoting §3553 (A)(4).) Correct calculation of offense levels, criminal history, enhancements and ultimate guideline range are necessary prequisites, to a "district court analysis of the other statutory factor as well, The court continued A court looking at a improper calculated guide line range would enable to make the statutorily required assessments of sentencing disparity among defendants without "knowing the correct range" A district court may impose an outside the guideline sentence without providing adequate explanation. [As required by 18. U.S.C. 3553 (c) and Rita-v- U.S. 81 crl 411.



(U.S. 2007). The defendant Notes there is a Conflict in determing which offense STATUTORY Maximum is governed by this defendant career offender guideline and Sentence.

There Fore, the defendant seeks to Have this Honorable Court take judicial notice of the erronoes applied career offender and the applicable amendments that surely applies to this defendant, also, before this Court can actually determine if the Crack amendment applies, this court has to go back to the original sentence and correctly calculate this defendant guidelines. When applied correctly Under U.S.3.G. 4B1.1(b). the defendant sentence will result in a base of fense level 34. Category VI which yields a guideline range of 262-327 months. Also given the opportunity the defendant would parade a myriad of accomplishments he has achieve over the last 156 months of His incarceration despite his 360 month sentence. the defendant uptolds personal agenda geared towards being A postive productive member to His Family and also Society (SEE Ehibits attached).

The defendant Presents this Honorable Courts with its Equitable power, Discretion and Authority in reducing The defendants sentence. Pursuant To 18.U.S.C § 3582(a) U.S.S.G. 2D1.1. and 18 U.S.C § 3553(A). Quoted in A, B, C of this Motion.

A. THe defendant states that this Honorable Courts authority to re open and if appropiate, reduce A sentence under § 3582(c)(2) is triggered when the defendant sentence was "based on" a sentencing range that has subsequently been lowered by the sentencing Commission Pursuant to "its Power to Review and revise the guideline, also once the authority to revisit the

(6)

Sentence has been triggered, the court still needs to ensure that the new sentence is consistent with the § 3553(A) Factors, and the commission's policy statements. (see 18. U.S.C. § 3582(c)(2)). But those Policy statements must be read as advisory after Booker. (see United States v Hicks, 472 F.3d 1167,1170 (9th Cir 2007). Quoting [B]ecause a "Mandatory system is no longer an open choice," district courts are necessarily endowed with the discretion to Part From the guideline when issuing new sentence under § 3582(c)(2)") Citing Booker-vUnitedStates 543, U.S. 220, 263(2005); United States v Jones 2007 WL 2703122 (D.Kan Sept 17,2007); United States v Forty Estremera, 498 F.supp 2d 468, 471-72 (D.P.R. 2007).

B. In contrast, while §3582(c)(2), Proceedings do not Constitute Full resentencings, thier purpose is to give defendants a new sentence, this resentencing, while limited in Certain respects, still results in the judge calculating a new guideline Considering the § 3553(A) Factors, and issuing a new sentence based on the guideline (see Hicks, 472 F.3d at 1170-71) (Citing Booker, 543 U.S. at 263-266). The issue is analogous to Pre-Booker cases in which courts held that once the authority to reduce a sentence under § 3582(c)(2) is Triggered by a retroactive guideline, the sentencing court must consider all relevant statutory sentencing criteria, currently in evsistance even if such criteria did not exsist at the time of the original sentencing and is otherwise unrelated to the triggering amendment. In short, whether or Not §3582(c)(2) re-sentencing Constitute Full-resentencing, Equitable proceedings, or something in between, the district court must treat a commission policy statement as advisory or violate Booker. Booker also made clear that the guideline Cannot be applied As Mandatory in some circumstances

8

and not others." Under Booker, the Cocaine guidelines, like all
other guideline are advisory, only those portions of Amended 3 1B1.10
that "would impose Mandatory guidelines type limits upon a judge
ability to reduce sentences", and would render §2D1.1 "Effectively Mandatory"
For crack defendants being resentenced under § 3582(c)(2) violates
Booker and Kimbrough As a matter of law. Also Quoting: "Such an
approach is entirely consistent with existing guideline policy statements.
The existing commentary accompanying § 1B1.10 states that a
Court applying a retroactive amendment "should consider the term
of imprisonment that it would Have imposed had the amendments to the
guidelines had it been in effect at the time the defendant was sentenced."

C. The commission has made additional revision to 1B1.10
that Purports to render any sentence reduction "Unauthorized"
under § 3582(c)(2). If an amendment listed in 3 1B1.10(c) "does not
have the effect of lowering the defendants applicable guideline
range. First, this a misreading of the plain language of the statue
(See pp 2-3 supra,) and Second even if congress did intend to limit
Courts ability to disagree with the guideline in this context. (As it surely
did back in 1984 when § 3582(c)(2) and the rest of the Sentencing Reform
act was passed). That approach is No longer permissable after Booker.
(See Booker, 543 U.S. At 265.) ("We do not doubt that congress, when it
wrote the sentencing Act, intended to create a form of mandatory Guidelines
system. But given today's constitutional Holding that is Not a choice that
Remains open"). See Stinson, 508 U.S. At 44 Id At 45, See Amended
U.S.S.G. § 1B1.10(A)(2)(b). The application Note gives as a example as
Case where the defendant is subject to a mandatory minimum Sentence, See
I.d At N.(A) but likely also reaches people who was Sentence As
CAreer offenders").

⑧

However, the defendant prays that this Honorable court recognize that the Supreme court recently stated that "the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant," to a sentence decision. GALL V. UNITED STATES, 128 S.Ct 586, 591 (2007). Given this relevance, the sentencing court is Free Under § 3582(c)(2) to consider the retroactive Crack amendment in deciding whether the advisory sentence under the career offender guidelines is, "Sufficient but not greater than necessary to satisfy the Purpose of sentencing." Nothing in the statutory language requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence. But rather, the statue requires that the defendants sentence was "based on" a sentencing range that has been subsequently been lowered. All crack sentence were "based on" the crack guideline's sentencing Range, because those ranges represented the starting point of every sentencing pre-and post Booker, Even if the defendant was ultimately sentence under 4B1.1 As a career offender.

The defendant contends that with correctly calculating His career offender guidelines and applying the crack amendment to this defendant case will result in a different base offense level. therefore with the facts and Ehibits this Honorable court grant the defendant the relief sought in the Fore mention Motion.

Conclusion

For the Foregoing reason stated above, the defendant prays that the a fore mention answer this Honorable court Question. and respectfully

(9)

Request that this Court Exercise its authority and discretion to grant relief At this time. And grant this defendant A Evidentary Hearing To resolve this Matter.

DATE May/ 25th 2008

Respectfully Submitted

GABRIEL B. Folks

EHibits (A)

Pages 7, 11, 12 OF
District judges Order Denreing
DeFendant §2255 Motion.

or proven beyond a reasonable doubt. Apprendi, 530 U.S. at 490.

Folks asked his attorney to challenge his conviction based on the Apprendi decision because the indictment did not allege a quantity of crack cocaine, and the jury did not decide the quantity of drugs for which he would be held accountable. Folks Affidavit, Exhibit 2. His attorney did not raise the issue because Folks was sentenced to 30 years, the maximum term that he faced regardless of the quantity of drugs proven. Id. Folks faced a maximum sentence of 30 years regardless of the quantity of drugs because of his prior felony drug conviction. 21 U.S.C. § 841(b)(1)(C).

On appeal, Folks's counsel claimed that this Court erred when it: (1) denied a motion to suppress; (2) overruled his objections to jury instructions on constructive possession and aiding and abetting liability; and (3) allowed the Government to constructively amend the indictment. Folks's counsel did not appeal this Court's overruling of his objections of the co-conspirator liability instruction. The Seventh Circuit affirmed Folks conviction. Folks, 236 F.3d at 384. The Supreme Court denied Folks's petition for writ of certiorari on October 1, 2001. Folks v. United States, 534 U.S. 830 (2001). Folks then filed this § 2255 motion on September 24, 2002.

App.II - 8

to defend himself against the Government's various theories at trial.  Folks, 236 F.3d at 391.  There simply was no reason for a bill of particulars. Counsel certainly was not ineffective for electing not to ask for one.

2.     The Apprendi Decision on Appeal

Folks's counsel had no basis to appeal Folks's conviction based on the Apprendi decision.  Folks was sentenced to 30 years imprisonment.  Folks had a prior felony drug conviction.  Folks, therefore, faced a possible sentence of 30 years, regardless of the quantity of controlled substances for which he was convicted.  21 U.S.C. § 841(b)(1)(C).  Because he was sentenced within this statutory maximum, the indictment did not need to allege the quantity of drugs, and the Government did not need to prove the quantity of drugs beyond a reasonable doubt at trial.  Talbott v. Indiana, 226 F.3d 866, 869 (7th Cir. 2000).[1]  Folks's counsel, therefore, had no basis to challenge the conviction based on the Apprendi decision.

Folks notes that the PSR said the sentencing range was 10 years to life.  This was incorrect after Apprendi; however, the misstated sentencing

---

[1]Folks also argues in one of his supplemental pleadings that the failure to allege the quantity of drugs is jurisdictional.  This is incorrect.  United States v. Cotton, 535 U.S. 625, 629 (2002).  The failure to allege the quantity of drugs, therefore, did not deny the Court of jurisdiction.

range did not violate Folks's rights under Apprendi because he was not sentenced beyond the 30 year statutory maximum that he faced under the indictment. Folks's counsel, therefore, had no reason to raise this issue on appeal.

Folks also argues that this Court should follow the Third Circuit decision in United States v. Barbosa, 271 F.3d 438 (3rd Cir. 2001), which indicated that after Apprendi, the jury must determine the type of drug beyond a reasonable doubt if the indictment does not allege a specific type of drug. The indictment here, however, named the type of drug, crack cocaine. Further, the Barbosa decision disagrees with the Seventh Circuit's determination that Apprendi is not implicated if the sentence given is within the statutory maximum that the defendant would face regardless of the quantity alleged. Barbosa, 271 F.3d at 455-56. This Court must follow the Seventh Circuit. Folks's rights under Apprendi were not violated since he was only sentenced to the statutory maximum that he faced regardless of the quantity of drugs involved. His counsel's decision not to raise the Apprendi decision on appeal met the objective standard of reasonableness.

3.     Special Verdict

Folks next argues that his counsel should have challenged his

12

App. II - 13

EHibits (B)

Pages 3, 4, 8 OF
Prosecutor Motion To Vacate
DeFendants C.O.A.

(Ehibits) for Career Offender Argument.

Cr.Docket 10/27/99) Twelve days later, on November 8, 1999, the petitioner's

trial began, and he was convicted the next day. (Cr.Docket 11/8-9/99)

B. Sentence.

Copy This Page.

Due to his prior felony drug conviction and the government's filing of the

§ 851 notice, the petitioner's statutory maximum sentence without regard to drug

amount was 30 years.[2] 21 U.S.C. § 841(b)(1)(C). He was sentenced to 30 years of

imprisonment. (Cr.R.43)

C. Direct Appeal.

The petitioner appealed, raising no challenge to the district court's authority

to impose a 30-year sentence due to his prior felony drug conviction. *United States*

*v. Folks*, 236 F.3d 384 (7th Cir. 2001). This Court affirmed both his conviction and

sentence. *Id.* at 392.

D. Section 2255 Motion.

In his Motion to Vacate, Dismiss, and/or Set Aside Sentence and Indictment

Pursuant to 28 U.S.C. § 2255, the petitioner raised six issues: (1) ineffective

assistance of counsel at trial and on appeal; (2) failure of the government to allege

and prove drug amount; (3) failure to use a special verdict form to enable the jury

---

[2]  Since the petitioner's 30-year sentence did not exceed the statutory range allowable regardless of drug weight, no *Apprendi* issue is presented. *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000).

to determine the type of drug for which he was convicted; (4) failure of the government to prove its case beyond a reasonable doubt; (5) failure of the government to file an information notifying him of its intention to rely upon his prior felony drug conviction at sentencing, in compliance with 21 U.S.C. § 851; and (6) abuse of the district court's discretion by giving a co-conspirator liability instruction over the petitioner's objection. (R.1;App.2 at 8)

In its order denying that motion, the district court noted that all except the petitioner's ineffective assistance of counsel claim could have been raised on direct appeal. The district court found that, in the absence of any showing of either cause or prejudice, those issues were improper grounds for a § 2255 motion. (App.2 at 8)(citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)) Nevertheless, the court went on to consider the merits of those claims by recasting them as elements of the petitioner's claim of ineffective assistance of counsel. (App.2 at 8-9)

In responding to the petitioner's claim that the government failed to file a § 851 information, the district court stated:

> The Government was required to give Folks notice that it intended to use his prior conviction to raise the statutory maximum sentence that Folks faced at trial from 20 years to 30 years. 21 U.S.C. § 851. The Trial Docket shows that such notice was filed before trial. Folks presented no evidence to support his contention that the notice was not filed. Folks' claim of ineffective assistance based on the lack of this notice is meritless.

(App. 2 at 15)

*Copy this page for Exhibit*

§ 851 notice was timely filed and served on defense counsel well before trial. (App.1;App.2 at 15). Therefore, pursuant to 21 U.S.C. § 841(b)(1)(C), the district court was statutorily authorized to impose the petitioner's 30-year sentence regardless of drug amount. The petitioner's unwillingness to accept the fact that the government filed and served a § 851 notice before trial is no substitute for substance.

B.   Whether the District Court Was Authorized to Impose a 30-year Sentence Presents No Constitutional Issue

As originally framed by the petitioner in his application for a COA, he first claimed that his § 851 argument had not been procedurally defaulted, seeking only to appeal the § 851 issue on its merits. (App.3 at 3) In issuing the COA, the district court deleted the petitioner's limiting reference to procedural default and recast the first issue more broadly as "whether the Court lacked jurisdiction to impose an enhanced penalty based on a prior felony conviction". (App.4 at 1-2) The district court's authority to impose a 30-year sentence was derived from the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(C), which provides for up to a 30-year sentence for any violation of § 841(a)(1) involving cocaine or cocaine base if the defendant has a prior felony drug conviction. No constitutional issue, substantial or otherwise, is presented in determining whether statutory authority exists to impose the petitioner's 30-year sentence.

-8-

Exhibit C

For 4B1.1(b) pgs. 369, 370
Underline Portion's

*Exhibit (A)*

## PART B - CAREER OFFENDERS AND CRIMINAL LIVELIHOOD

§4B1.1.    **Career Offender**

(a)    A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(b)    Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.  A career offender's criminal history category in every case under this subsection shall be Category VI.



| Offense Statutory Maximum | Offense Level* |
|---|---|
| (A)    Life | 37 |
| (B)    25 years or more | 34 |
| (C)    20 years or more, but less than 25 years | 32 |
| (D)    15 years or more, but less than 20 years | 29 |
| (E)    10 years or more, but less than 15 years | 24 |
| (F)    5 years or more, but less than 10 years | 17 |
| (G)    More than 1 year, but less than 5 years | 12. |

*If an adjustment from §3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

(c)    If the defendant is convicted of 18 U.S.C. § 924(c) or § 929(a), and the defendant is determined to be a career offender under subsection (a), the applicable guideline range shall be determined as follows:

(1)    If the only count of conviction is 18 U.S.C. § 924(c) or § 929(a), the applicable guideline range shall be determined using the table in subsection (c)(3).

(2)    In the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c) or § 929(a), the guideline range shall be the greater of—

(A)    the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) or § 929(a) count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) or § 929(a) count(s); and

– 369 –

(B)    the guideline range determined using the table in subsection (c)(3).

(3)    Career Offender Table for 18 U.S.C. § 924(c) or § 929(a) Offenders

| §3E1.1 Reduction | Guideline Range for the 18 U.S.C. § 924(c) or § 929(a) Count(s) |
|---|---|
| No reduction | 360-life |
| 2-level reduction | 292-365 |
| 3-level reduction | 262-327. |

*Commentary*

*Application Notes:*

1.    *"Crime of violence," "controlled substance offense," and "two prior felony convictions" are defined in §4B1.2.*

2.    *"Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (B), (C), and (D)).  For example, in a case in which the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for that defendant for the purposes of this guideline is thirty years and not twenty years. If more than one count of conviction is of a crime of violence or controlled substance offense, use the maximum authorized term of imprisonment for the count that has the greatest offense statutory maximum.*

3.    *Application of Subsection (c).—*

(A)    *In General.—Subsection (c) applies in any case in which the defendant (i) was convicted of violating 18 U.S.C. § 924(c) or § 929(a); and (ii) as a result of that conviction (alone or in addition to another offense of conviction), is determined to be a career offender under §4B1.1(a).*

(B)    *Subsection (c)(2).—To determine the greater guideline range under subsection (c)(2), the court shall use the guideline range with the highest minimum term of imprisonment.*

(C)    *"Otherwise Applicable Guideline Range".—For purposes of subsection (c)(2)(A), "otherwise applicable guideline range" for the count(s) of conviction other than the 18 U.S.C. § 924(c) or 18 U.S.C. § 929(a) count(s) is determined as follows:*

(i)    *If the count(s) of conviction other than the 18 U.S.C. § 924(c) or 18 U.S.C. § 929(a) count(s) does not qualify the defendant as a career offender, the*

– 370 –

Certificates of achievements
along with Defendant Educational
Progress Programs.

# State of Indiana

## General Educational Development

## (GED) Diploma

Having qualified for this diploma by passing the Tests of General Educational Development in conformance with the provisions of IC 20-10.1-12.1-1 and of the Rules of the Indiana State Board of Education,

**GABRIEL B FOLKS**

is awarded this diploma by the authority of the Office of State Superintendent of Public Instruction.

**August 18, 2005**

_Suellen Reed_
Superintendent of Public Instruction

DOE July 1995

Any erasure, change, or mutilation of this diploma renders it null and void.



# Certificate of Achievement

Awarded to:

## Gabriel Folks

For Completion of the ACE African American History Class

K∅Nackett
Signed

4-6-0c
Date

# Certificate of Achievement

Awarded to:

## Gabriel Folks

For Completion of the ACE Real Estate Class

_K Q Rickett_
Signed

_2-9-00_
Date

# Certificate of Participation

awarded to:

## Gabriel Folks

For participation in the FCI Terre Haute Graduation Ceremony for completion of the GED Program.

_____
Signed

_September 15, 2005_
_____
Date

# Certificate of Achievement

This certifies that

## Gabriel Folks

has satisfactorily completed

## Self-Study Personal Finance

Consisting of __10__ Hours of Training

This certificate is hereby issued this __12th__ day of __February__, 2008

2-12-08
_____
Date

_K. Hall_
_____
Adult Continuing Education Coordinator



# Certificate of Achievement

**This certifies that**

*Gabriel Folks*

**has satisfactorily completed**

## Lifeskills, Growth & Development

Consisting of __10__ Hours of Training

**This certificate is hereby issued this __5th__ day of __Mar.__ , 20__08__**



Adult Continuing Education Coordinator





# Certificate of Achievement

This certifies that

## Gabriel Folks

has satisfactorily completed

## Commercial Drivers License

Consisting of __10__ Hours of Training

This certificate is hereby issued this __29th__ day of __April__, __2008__



K. Cole: Supervisor of Education



K. Hobbs: Adult Continuing Education Coordinator