99-E-FILED
Friday, 08 August, 2008  02:17:06 PM
Clerk, U.S. District Court, ILCD

Mr. Gabriel B. Folks # 12358-026
United States Penitentiary
Lee County
P.O. Box 305
Jonesville, Virginia
   24263-0305

June 3, 2008

Honorable Jeanne E. Scott
United States DIstrict Court
Federal Building Springfield
600 E. Monroe Street
Springfield, Il
   62701



RECEIVED
JUN - 9 2008
JEANNE E. SCOTT
U.S. DISTRICT JUDGE
IN CHAMBERS
SPRINGFIELD, IL

Re: United States v. Gabriel B. Folks
Criminal No:_____

Dear Judge,

   Please be advised that I am the above mentioned defendant in said mentioned matter. It would be highly appreciated if this letter would be accepted in lieu of a more formal submission in support of defendant's petition.

> DEFENDANT'S SHOULD BE ENTITLED TO THE RETROACTIVE
> APPLICATION OF AMENDMENT 706 OF THE UNITED STATES
> SENTENCING GUIDELINE AS STATED HEREIN.

   Mr. Gabriel B. Folks, ( Defendant ) contends that he is entitled to a reduction in his sentence as the result of the guideline amendment 706. ( commonly knownas the " Two Point Reduction")

   This defendant was original sentence to a term of imprisonment of 360 months for an offense charging this defendant with possess of crack cocaine. During the time of this defendant's sentence ( March 17, 2007 ) this honorable had very limited discretion in light of a sentencing regime ( see, Stinson v. United States, 508 U.S. 36, 123L. Ed 2d 2d 598, 113 S. Ct 1913 ( 1993) which since then has been declared as being unconstitutional ( See, Blakely v. Washington, ___ U.S. ___, 124 S, Ct 2631, 159 l. ed 2d.

page 2

(2004); United States v. Booker, 543 U.S. 220, 160 L. Ed 2d 621, 125 S. Ct 738 ( 2005); Kimbrough v. United States, 552 U.S. ___, 128 S.Ct____, 169 L. ed 2d 445 ( 2007). Gall v. United States, 552 U.S. ____, 128 S. Ct._____, 169 L. Ed 2d 445 ( 2007 ) See also, United States v, Brown, 338 F. Supp. 2d. 552, ( M.D. Pa. 2004 ) and **United States v. Croxford, 324 F. 2d 1230 at 1242 ( D. Utah 2004).**

Defendant in the instant case contends that this is not one of those self serving Pro-Se motion(s)., Defendant ask this honorable court to take judicial notice that it was the Sentencing Commission which came to grips that the drug table ( Section 2D1.1) is simply to much time. Therefore, on November 1, 2007, that section has been reduced by two levels which would warrant a reduction in this defendant's base offense level.

Defendant contends that he is not a lawyer. But, a defendant in a criminal matter seeking justice from a judicial system that is the gate keeper of this great system. Defendant is clearly aware of the enhanced provision of the sentencing guidelines. However, also request that this honorable court has in the pass ( prior to the Guidelines going into effect ) considered defendant prior conviction(s) pursuant to 18 U.S.C. § 3553 (a)., while simultaneously considering the reasonableness of a sentence.

Defendant contends that the 360 ( 30 years ) sentence is unreasonable and request that consider the fact that although the same case may have received a much lesser sentence in this same case if the case

page 3

would have remained within the State's jurisdiction. ( Please consult the criminal code for the State of Illinois )

Presence of the defendant:

Although the statute which permits the Court to modify the defendant's sentence is silent on the question of whether the defendant is entitled to be present for his sentence reduction., rule 43(b)(4) explicity states that a defendant need not be present at a preceding which involves a sentence reduction under 18 U.S.C 3582(c) 2..  The usual requirement, of course, is that the defendant must be be present at this sentencing hearing. Fed. R. Crim. Proc. 32 (i) (4).

WHEREFORE , Defendant is presently praying that this honorable court grant the relief being sought and reduce this defendant sentence, as the court may find that this 30 year sentence is clearly unreasonable.

Dated: June 3, 2008                                     Signed: _____

Mr. Gabriel B. Folks # 12358-026
United States Penitentiary
Lee County
P.O. Box 305
Jonesville, Virginia
   24263-0305

June 3, 2008

Honorable Jeanne E. Scott
United States DIstrict Court
Federal Building Springfield
600 E. Monroe Street
Springfield, Il
   62701

Re: United States v. Gabriel B. Folks
Criminal No:_____

Dear Judge,

   Please be advised that I am the above mentioned defendant in said mentioned matter. It would be highly appreciated if this letter would be accepted in lieu of a more formal submission in support of defendant's petition.

> DEFENDANT'S SHOULD BE ENTITLED TO THE RETROACTIVE
> APPLICATION OF AMENDMENT 706 OF THE UNITED STATES
> SENTENCING GUIDELINE AS STATED HEREIN.

   Mr. Gabriel B. Folks, ( Defendant ) contends that he is entitled to a reduction in his sentence as the result of the guideline amendment 706. ( commonly knownas the " Two Point Reduction")

   This defendant was original sentence to a term of imprisonment of 360 months for an offense charging this defendant with possess of crack cocaine. During the time of this defendant's sentence ( March 17, 2007 ) this honorable had very limited discretion in light of a sentencing regime ( see, Stinson v. United States, 508 U.S. 36, 123L. Ed 2d 2d 598, 113 S. Ct 1913 ( 1993) which since then has been declared as being unconstitutional ( See, Blakely v. Washington, ___ U.S. ___, 124 S, Ct 2631, 159 l. ed 2d.

page 2

(2004); United States v. Booker, 543 U.S. 220, 160 L. Ed 2d 621, 125 S. Ct 738 ( 2005); Kimbrough v. United States, 552 U.S. ___, 128 S.Ct____, 169 L. ed 2d 445 ( 2007). Gall v. United States, 552 U.S. ____, 128  S. Ct._____, 169 L. Ed 2d 445 ( 2007 ) See also, United States v, Brown, 338 F. Supp. 2d. 552, ( M.D. Pa. 2004 ) and **United States v. Croxford, 324 F. 2d 1230 at 1242 ( D. Utah 2004).**

Defendant in the instant case contends that this is not one of those self serving Pro-Se motion(s).,   Defendant ask this honorable court to take judicial notice that it was the Sentencing Commission which came to grips that the drug table ( Section 2D1.1) is simply to much time. Therefore, on November 1, 2007, that section has been reduced by two levels which would warrant a reduction in this defendant's base offense level.

Defendant contends that he is not a lawyer. But, a defendant in a criminal matter seeking justice from a judicial system that is the gate keeper of this great system.  Defendant is clearly aware of the enhanced provision of the sentencing guidelines.  However, also request that this honorable court has in the pass ( prior to the Guidelines going into effect ) considered defendant prior conviction(s) pursuant to 18 U.S.C. § 3553 (a)., while simultaneously considering the reasonableness of a sentence.

Defendant contends that the 360 ( 30 years ) sentence is unreasonable and request that consider the fact that although the same case may have received a much lesser sentence in this same case if the case

page 3

would have remained within the State's jurisdiction. ( Please consult the criminal code for the State of Illinois )

Presence of the defendant:

Although the statute which permits the Court to modify the defendant's sentence is silent on the question of whether the defendant is entitled to be present for his sentence reduction., rule 43(b)(4) explicity states that a defendant need not be present at a preceding which involves a sentence reduction under 18 U.S.C 3582(c) 2.. The usual requirement, of course, is that the defendant must be be present at this sentencing hearing. Fed. R. Crim. Proc. 32 (i) (4).

WHEREFORE , Defendant is presently praying that this honorable court grant the relief being sought and reduce this defendant sentence, as the court may find that this 30 year sentence is clearly unreasonable.

Dated: June 3, 2008                                    Signed: _____